IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juanita D. Wilson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:21-1980-BHH |
| v. ) | |
| ) | **ORDER** |
| Wells Fargo Bank, N.A., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Juanita D. Wilson's ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On July 27, 2021, the Magistrate Judge issued an order warning Plaintiff of deficiencies in her complaint and provided her the opportunity to amend. Despite this warning, Plaintiff did not file an amended complaint.

On September 9, 2021, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without further opportunity to amend and without issuance and service of process. (ECF No. 17.) First, the Magistrate Judge explained that this is Plaintiff's third lawsuit brought against Defendant Wells Fargo Bank, N.A., arising out of two education loans that Plaintiff co-signed for her daughter. *See Wilson v. Wells Fargo*, No. 2:19-2712-BHH-BM (D.S.C.); and *Wilson v. Wells Fargo Bank, N.A.*, No. 2:20-2780-BHH-MHC (D.S.C.).[1]  Next, the

---

[1] Plaintiff's first action was dismissed without prejudice pursuant to Rule 41(b) because Plaintiff failed to bring the case into proper form. In the second action, Defendant's motion to dismiss was granted, and the case was dismissed without prejudice and with leave to amend. Instead of amending the complaint in the second action, however, Plaintiff filed the instant action.

Magistrate Judge specifically considered the allegations of Plaintiff's complaint and ultimately determined that it lacks sufficient factual information to support a claim that Defendant violated Plaintiff's federal constitutional or statutory rights.

First, the Magistrate Judge determined that Plaintiff's complaint fails to allege any facts to indicate that Defendant is a consumer reporting agency, sufficient to allege a claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681c and 1681i. Furthermore, to the extent Plaintiff seeks to assert a claim under § 1681s-2(b), the Magistrate Judge found that Plaintiff's complaint fails to allege any facts indicating that Defendant received notice of a dispute from a credit reporting agency. The Magistrate Judge also explained that Plaintiff, who is proceeding pro se in this action, may not assert a claim on behalf of others.

Next, the Magistrate Judge concluded that Plaintiff's claim under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, is subject to dismissal for failure to state a claim because Plaintiff's complaint fails to allege that Defendant is a debt collector.

As to Plaintiff's request for damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Magistrate Judge found that Plaintiff failed to allege what provision of the TCPA was allegedly violated, and that Plaintiff failed to allege that calls were initiated to her cell phone using an automatic telephone dialing system or to her cell phone or residential phone using an artificial or prerecorded voice to deliver a message.

Finally, with respect to Plaintiff's assertion that Defendant violated the Truth in Lending Act ("TILA"), the Magistrate Judge found that Plaintiff's complaint fails to state a plausible claim because she does not identify how Defendant violated TILA's disclosure

requirements or otherwise plead detrimental reliance.

Ultimately, the Magistrate Judge recommended that the Court dismiss Plaintiff's instant complaint without leave to amend based on Plaintiff's failure to cure the defects in her complaint. Attached to the Report was a notice advising Petitioner of her right to file written objections to the Report within fourteen days of being served with a copy.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff filed objections to the Magistrate Judge's Report, but Plaintiff's objections are not specific. In other words, although Plaintiff refers in her objections to a letter from Defendant and asserts that she "inadvertently Paid to Offer made by Defendant without knowing its adverse effects on to her credit score," she otherwise offers only conclusory statements couched as objections, such as "the Report should not be followed." Plaintiff then quotes portions of the Magistrate Judge's Report and simply states, "Plaintiff objects."

3

(ECF No. 19.) In all, Plaintiff's objections are insufficient to warrant *de novo* review. Nevertheless, the Court finds that under either a *de novo* or clear error standard of review, the Magistrate Judge's analysis is thorough and correct, and the Court agrees with the Magistrate Judge that this action is subject to dismissal based on Plaintiff's failure to allege sufficient facts to state any plausible federal constitutional or statutory claims against Defendants.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 17) is adopted and incorporated herein; Plaintiff's objections (ECF No. 19) are overruled; and this action is dismissed with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 22, 2022
Charleston, South Carolina